UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

vs.                              CASE NO. 8:15-mc-18-T-EAK-MAP

USF BOARD OF TRUSTEES, USF
ACADEMIC AFFAIRS OF USF, STUDENT
SUCCESS OF USF, and PAUL DOSAL,

    Defendant.
    _____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

This cause is before the Court on the motion for temporary restraining order filed February 4, 2015 (Doc. 1). The Plaintiff states that at the end of December 2014 she filed charges of gender and race discrimination against the University of South Florida (the University) which charges are being investigated by the Equal Employment Opportunity Commission (EEOC)[1]. The EEOC has not issued a Notice of Right to Sue and 180 have not elapsed since the filing of the complaint.

---

[1] The Court notes that none of the other defendants named in this action are named in the EEOC action.

In this case, the Plaintiff seeks to have this Court enter a temporary restraining order and a preliminary injunction "to stop defendant USF from engaging in unlawful retaliation, including compelling Plaintiff to attend impromptu meetings with Defendant's agent/employee Paul Dosal, Vice Provost for Student Success, who Plaintiff alleges carried out the illegal discrimination acts...In these meetings, the Plaintiff is berated, marginalized, made to feel extremely uncomfortable, and has had her job threatened." (Doc. 1, pgs. 1and 2).

The injunction is sought pursuant to Section 706(f)(2) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(2). The section states:

> Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. Any temporary restraining order or other order granting preliminary or temporary relief shall be issued in accordance with rule 65 of the Federal Rules of Civil Procedure. It shall be the duty of a court having jurisdiction over proceedings under this section to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited.

The Plaintiff argues, relying primarily on *Drew v. Liberty Mutual Ins. Co.*, 480 F.2d 69 (5th Cir. 1973), that there is, in addition to the right of the EEOC, a private right of action for a plaintiff to seek an injunction before the EEOC has either issued a Notice of Right to Sue or the elapse of 180 days.

There are two issues before the Court, does the Court have jurisdiction to hear

this case and has the Plaintiff established a *prima facia* case for entry of an injunction. The Court finds that the Plaintiff has not established a *prima facia* case for entry of an injunction and it has grave doubts about the jurisdictional question.

## STANDARD OF REVIEW

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). A motion for preliminary injunction is a federal procedural issue derived from Federal Rule of Procedure 65. Fed. R. Civ. P. 65; see *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991).

## DISCUSSION

The *pro se* Plaintiff's complaint consists merely of conclusory statements that she has met the standards necessary to establish a right to the extraordinary remedy of issuance of an injunction, temporary restraining order or preliminary injunction.  This is simply insufficient to entitle the Plaintiff to what she seeks. The Plaintiff has failed to establish anything other than that she takes the position that she is likely to succeed on the merits, without any evidence or any real legal argument to support that contention.  She further fails to establish the other three elements of the injunction requirements.  Again, there are just statements of conclusions of the elements without any support in the record,  The making of an accusation is not evidence on which the Court can rely to grant an injunction.

As previously stated, the Court has grave doubts that it has the jurisdiction to hear this case at all but will not make that determination at this time since the motion is being denied for failure to establish a *prima facia* case.  This will be an issue for the Court subsequently if the Plaintiff files a second amended motion that is sufficient to proceed forward and determine her right to the requested injunction.

Since the Plaintiff is proceeding without counsel of record, the Court will allow her to amend her motion for injunction to make one further attempt to establish a *prima facia* case.  The Court does notify the Plaintiff that if the second motion establishes a *prima facia* case, it will not grant a temporary restraining order but will, after service on all the defendants, set a hearing on the issues of jurisdiction and whether an injunction should be granted.   Accordingly, it is

**ORDERED** that the motion for temporary restraining order filed February 4,

2015 (Doc. 1) be **denied** without prejudice to file a second, amended motion on or before February 13, 2015.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, this 5th day of February, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record