UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

     Plaintiff,

v.                                                      CASE NO. 8:21-cv-2127-SDM-AAS

THE UNITED STATES, et al.,

     Defendant.

_____/

**ORDER**

In this action, the latest engagement in a seven-year campaign, Angela

DeBose, a lawyer who lost her *pro se* Title VII action against the University of South

Florida, undertakes in this action to sue USF, members of the Board of Trustees,

USF's lawyers in the Title VII action, the Thirteenth Judicial Circuit, the United

States, and the state and federal judges who have denied DeBose relief in her eight

actions against USF and others.[1]  The defendants move (Docs. 30, 50, 64) to dismiss,

and USF's lawyers move (Doc. 30) to enjoin DeBose as a vexatious litigant.

---

[1] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla. 13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132 (M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.).

# BACKGROUND

I.  <u>The Title VII action</u>

In 2015, DeBose, a lawyer admitted to practice law in Wisconsin,[2] sued USF and Ellucian, LP, a software consultant retained by USF, for discrimination and retaliation, among other claims.  *DeBose v. USF Board of Trustees, et al.*, No. 8:15-cv-02787-VMC-AEP (M.D. Fla.).  Throughout the action, DeBose, appearing *pro se*, repeatedly moved for sanctions and asserted that USF had destroyed certain employment documents.  After much briefing and several hearings, an order (<u>Doc. 144</u>) denies DeBose's motion for sanctions and holds (1) that USF's destruction of the documents resulted from policy and revealed no bad faith and (2) that DeBose failed to show the importance of the destroyed documents to DeBose's burden of proof.  The district court granted summary judgment for Ellucian on all claims and for USF on some claims.

A trial, over which Judge Kovachevich presided, occurred on DeBose's discrimination and retaliation claims against USF.[3]  The evidence at trial showed the following.  *See generally*, *DeBose v. USF Bd. of Trustees*, <u>811 Fed. Appx. 547</u> (11th Cir. 2020) (per curiam).  In 2014, USF began receiving complaints about DeBose's professionalism and demeanor.  In July 2014, DeBose, an African American woman,

---

[2] https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1101650; *see also DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, <u>2019 WL 3465730</u>, at *1, n.1 (M.D. Fla. Feb. 14, 2019)

[3] After Judge Kovachevich's retirement, the clerk randomly assigned Judge Covington to the case.

filed with USF a discrimination complaint after DeBose's supervisor promoted an employee other than DeBose.  In January 2015, DeBose filed a discrimination complaint with the EEOC.  A month later, DeBose received a reprimand for calling a co-worker a "little girl."  In April 2015, an Ellucian consultant met with DeBose to discuss the implementation of new software as part of the software development contract between USF and Ellucian.  After the meeting, the Ellucian consultant reported to USF that DeBose was uncollaborative and resistant to change.  USF decided not to renew DeBose's employment.

On DeBose's discrimination claim against USF, the jury found that race served as a "motivating factor" but found that USF would have fired DeBose regardless of race.  On DeBose's retaliation claim, the jury found that USF had fired DeBose for complaining about discrimination and awarded DeBose $310,500.  After the verdict, the district court granted USF's renewed motion for judgment as a matter of law.

DeBose appealed both the judgment and the denial of the motion for sanctions.  The Eleventh Circuit affirmed in full and held that DeBose proffered neither evidence showing that her internal discrimination complaint caused her termination nor evidence rebutting USF's non-discriminatory reasons for termination.  The Supreme Court denied certiorari. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, <u>141 S. Ct. 2518</u> (2021).  Also, DeBose moved in the district court four times for relief from judgment and principally claimed spoliation and fraud.  An order denied each motion.  DeBose appealed, the Eleventh Circuit affirmed, *DeBose v. USF Bd. of Trs.*, <u>844</u>

- 3 -

Fed. Appx. 99 (11th Cir. 2021), and the Supreme Court denied certiorari, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 142 S. Ct. 80 (2021).

II.     The successive actions

During the pendency of the Title VII action and the appeal of the judgment, DeBose filed in state and federal court seven successive actions against USF, members of the USF Board of Trustees, USF's lawyers, and Ellucian. A brief description of each episode in this saga of redundancy follows.

On June 22, 2015, DeBose petitioned in the Thirteenth Judicial Circuit for a writ mandating that USF produce documents for use in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.). After an evidentiary hearing, Circuit Judge Rice denied the (twice amended) petition.

On February 21, 2017, DeBose sued USF and USF's lawyers for, among other things, destroying documents allegedly critical to her Title VII action. *Angela DeBose v. Univ. of South Florida, et al.*, 17-CA-1652, (Fla. 13th Cir. Ct.). (Doc. 50-1 at 147–172) Circuit Judge Rice dismissed the action and held (1) that the litigation privilege bars the claims against USF's lawyers, (2) that Florida law recognizes no cause of action for spoliation, (3) that collateral estoppel bars the spoliation contention because DeBose litigated and lost her sanctions motion in the Title VII action, and (4) that *res judicata* bars DeBose's breach of contract and other claims as an attempt to re-litigate her claims against USF. (Doc. 50-1 at 174–175) Later, DeBose moved to amend the complaint and to strike USF's affirmative defenses. Circuit Judge Holder (the successor after re-assignment) denied the motion and observed that, among other things,

- 4 -

the proposed amended complaint "suffers the exact same fatal leg[a]l flaws as those within the Complaint and the Amended Complaint, now dismissed with prejudice." (Doc. 50-1 at 177–178)

On January 29, 2018, DeBose sued Ellucian in the Thirteenth Judicial Circuit and principally claimed that Ellucian defamed DeBose by remarking to USF that DeBose was uncollaborative and resistant to change. *DeBose v. Ellucian, L.P., et al.*, Case No. 18-CA-893 (Fla. 13th Cir. Ct.). The defendants removed, *DeBose v. Ellucian, LP et al.*, 8:19-cv-200-JSM-AEP (M.D. Fla.), and Judge Moody dismissed the action as barred by *res judicata* because the defamation and other claims arose from the same transaction and occurrence as the claims in the Title VII action for which Ellucian received judgment. DeBose appealed, and the Eleventh Circuit affirmed. *DeBose v. Ellucian Co.*, L.P., 802 Fed. Appx. 429 (11th Cir. 2019).

On April 29, 2019, DeBose again sued USF and USF's lawyers in the Thirteenth Judicial Circuit. This time, DeBose attempted to re-cast the spoliation allegation as constituting "fraud," triggering RICO liability, intentionally inflicting emotional distress, and violating the right to equal protection and due process. (Doc. 50-1 at 181) *DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 19-CA-4473 (Fla. 13th Cir. Ct.). Circuit Judge Holder dismissed the action and observed: "Having spent many hours reviewing the various pleadings and papers within [DeBose's earlier actions], the Court concludes that" the judgments in DeBose's earlier actions "absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226)

On May 10, 2019, DeBose again sued USF and USF's counsel in the Middle District of Florida and this time attempted to re-cast the spoliation claim as either voiding or warranting relief from the judgment in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trs.*, 8:19-cv-01132-JSM-AEP (M.D. Fla.). In a May 16, 2019 order, Judge Moody construed DeBose's complaint as requesting relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, and dismissed the action without prejudice to moving in the Title VII action for relief under Rule 60(b). DeBose moved three times to vacate Judge Moody's dismissal, each of which an order denied. More than a year after the dismissal, DeBose moved to "clarify" the dismissal and to "certify" the dismissal order as appealable. An order denied the motion.[4]

On July 25, 2022, after DeBose began this action, Circuit Judge Melissa M. Polo (the latest successor in the 2015 mandamus action) describes in detail DeBose's history of repetitive, wasteful, frivolous, and vexatious conduct in the Thirteenth Judicial Circuit and enjoins Angela DeBose "from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar." *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct. July 25, 2022) (Doc. 433). A copy Circuit Judge Polo's order is appended to this order.

---

[4] In other, ancillary actions against USF, the members of USF's Board of Trustees, and USF's counsel, DeBose demands the production of records and moves for preliminary equitable relief.

**DISCUSSION**

Dissatisfied with the final judgment in USF's favor and the dismissal of her successive actions, DeBose in her second amended complaint (Doc. 27) sues the United States and Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli; the Thirteenth Judicial Circuit and Judge Ronald Ficarrotta, Judge Elizabeth G. Rice, Judge Gregory P. Holder, and Judge James M. Barton; the USF Board of Trustees and trustees Ralph Wilcox, Paul Dosal, Gerard Solis, and Lois Palmer; and Greenberg Traurig, P.A., and Richard McCrea.  This order resolves in turn DeBose's claims against each category of defendant.

I.  The judicial defendants

Putatively under the Federal Tort Claims Act, DeBose claims that the United States through Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli "intentionally sought to cause injury to [DeBose] by engaging in acts of misconduct in office" and conspired "to facilitate [USF's] pattern or practice of institutional discrimination and systemic racism against black people."  (Doc. 27 at ¶ 10)  Although no count asserts a claim against a federal judge, the amended complaint identifies each judge as a defendant.  (Doc. 27 at ¶¶ 13–17)  Apparently, DeBose purports to recover from the United States the damages allegedly caused by the federal judges who ruled against DeBose.

Against Judge Moody, DeBose alleges — without any corroborating allega-
tion of fact — that the promptness of the dismissal of DeBose's successive action to
vacate the judgment in the Title VII action reveals an *ex parte* conspiracy among
Judge Moody, Judge Porcelli, USF, and USF's counsel to "discuss[] and decide[]"
the disposition of DeBose's complaint.  Also, against Judge Moody, DeBose alleges
— without any corroborating allegation of fact — that the dismissal of DeBose's suc-
cessive defamation action against Ellucian and the denial of DeBose's motion to re-
mand reveals a conspiracy among Judge Moody, Judge Porcelli, USF's lawyers, and
the state court judges to "block" DeBose from demonstrating another alleged con-
spiracy, specifically that Ellucian issued a negative report about DeBose solely to fur-
nish USF with a pretext to fire DeBose.  (Doc. 27 ¶ 46)  Rather, Judge Moody's dis-
missal reveals the obvious:  *res judicata* bars in a successive action a defamation claim
arising from the same transaction and occurrence as the unsuccessful discrimination
and retaliation claims.

Against Judge Kovachevich and against Judge Covington, assigned to the Ti-
tle VII action after Judge Kovachevich's retirement, DeBose maintains — frivolously
— that these judges refused to perform the "ministerial" duty to sanction USF for de-
stroying documents allegedly critical to DeBose's Title VII claims.  Also, because the
Eleventh Circuit dismissed for lack of jurisdiction DeBose's interlocutory appeal of
one of the orders denying DeBose's motions for sanctions, DeBose accuses the

presiding judges of using "backdoor channels to influence the Eleventh Circuit to stop the appeal[s]."[5] (Doc. 27 ¶ 61)

Purportedly under Section 1983, DeBose claims — frivolously — that the Thirteenth Judicial Circuit and the judges presiding over her state-court actions failed to perform a "ministerial" duty and "exceeded jurisdiction" (1) by dismissing DeBose's actions as barred by *res judicata* and collateral estoppel, (2) by allegedly convening a "judicial conspiracy or racket" to assign judges favorable to USF, (3) by permitting parties to exercise their statutory right to removal, (4) by allegedly threatening DeBose with sanctions for vexatiousness, and (5) by allegedly failing to comply with the Florida Rules of Civil Procedure.

A judge is afforded absolute immunity for any "judicial act." *Stump v. Sparkman*, 435 U.S. 349 (1978). Although DeBose frivolously designates adverse decisions as the failure to discharge a "ministerial" duty, as "exceeding" each judge's "jurisdiction," or as void as a matter of law, a careful review of the record confirms that each act about which DeBose complains is quintessentially a judicial act for which each judge, state and federal, is immune from suit.[6]

---

[5] Also, against Judge Honeywell, DeBose complains about an order in a miscellaneous action, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 9:15-mc-18 (M.D. Fla.), denying DeBose's motion to re-open an action that DeBose had voluntarily dismissed four years earlier.

[6] Also, DeBose quibbles about case administration, case assignments, procedural matters, and rulings on motions to recuse, none of which, even if erroneously decided, conceivably deprives the presiding judge of judicial immunity or voids the judge's decision. Further, as Circuit Judge Polo aptly explains in footnote seven of her July 25, 2022 order (Ex. A), "[a]ll judges of a circuit court are authorized to exercise a circuit court's jurisdiction" even in a case to which the judge is not assigned.

The remedy for judicial error (and a review of the actions about which DeBose complains reveals not error but the just, speedy, inexpensive, and commendable management of an exasperating litigant) lies not in a suit against the presiding judge but in an appeal or in a motion for relief from judgment. Of course, DeBose, a lawyer, knows this: DeBose appealed the judgment in the Title VII action and lost, moved from relief from judgment and lost, and appealed again and lost. Nonetheless, DeBose endeavors frivolously to re-litigate the adverse judgment under the guise of a suit against each judge who received the random assignment of DeBose's successive actions. Each judge is entitled to absolute judicial immunity. And although DeBose nominally sues under the Federal Tort Claims Act, the absolute judicial immunity of federal judges defeats the claims against the United States. Similarly, absolute judicial immunity and sovereign immunity defeat DeBose's claims against the Thirteenth Judicial Circuit, an arm of the state. *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts."); *Driessen v. 11th Judicial Circuit Court*, 522 Fed. Appx. 797 (11th Cir. 2013).

2. USF and the trustees

Against USF and several members of the USF Board of Trustees, DeBose complains about the alleged destruction of her employment records, the alleged "interference" with her employment contract, the alleged abuse of the "legal process," the alleged fraud and fraudulent concealment of records, and the alleged "intentional infliction of emotional distress." Each of these claims arises from the same transaction and occurrence: DeBose's termination and USF's destruction of allegedly

- 10 -

critical documents during the litigation. DeBose has already litigated to finality these contentions arising from the same transaction and occurrence. *DeBose v. USF Bd. of Trs.*, et al Case No. 8:15-cv-02787-VMC-AEP; *DeBose v. USF Bd. of Trs.*, et al Case No. 8:19-cv-01132-JSM-AEP; *DeBose v. USFBOT*, Case No. 17-CA-1652; and *DeBose v. USF Bd. of Trs.*, et al Case No. 19-CA-4473. Like Judge Holder, I "[h]av[e] spent many hours reviewing the various pleadings and papers within [the related actions]" and likewise conclude "that the grounds set forth within the Defendants' Motions are well taken and absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226) DeBose presents no claim against USF or the members of the Board of Trustees not barred by *res judicata* or collateral estoppel. DeBose maintains, but presents no plausible allegation showing, that the earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and for others capably explained in the motion (Doc. 50) to dismiss, the claims against USF and the members of the Board of Trustees warrant dismissal.

3.    USF's lawyers

Against USF's law firm and lawyers, DeBose claims that the adverse judgments in federal and state court resulted from the fraudulent concealment of evidence, the destruction of documents, and a conspiracy between the lawyers and federal and state judges. DeBose has asserted these claims against USF's lawyers in state court and each action was dismissed with prejudice. Also, DeBose's claims are barred by Florida's litigation privilege, which affords "absolute immunity for acts

- 11 -

occurring during the course of judicial proceedings." *Kodsi v. Branch Banking and Tr. Co.*, 15-CV-81053, 2018 WL 830117, at *3 (S.D. Fla. Feb. 12, 2018). The remedy for alleged lawyer misconduct (a study of the record reveals no misconduct by USF's lawyers) is a motion for sanctions. Of course, DeBose knows this: she moved for sanctions in the Title VII action and lost and appealed and lost. Nonetheless, DeBose frivolously attempts to re-litigate claims already dismissed as barred by *res judicata*, collateral estoppel, and the litigation privilege. DeBose maintains — but presents no plausible allegation showing — that these earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and others capably explained in the motion (Doc. 30) to dismiss, the claims against USF's lawyers warrant dismissal.[7]

## CONCLUSION

Perhaps DeBose is convinced that USF discriminated and retaliated against her. Perhaps DeBose is convinced that the district judge erred by entering judgment as a matter of law against her. Perhaps DeBose is convinced that the Eleventh

---

[7] Although barred by absolute judicial immunity, the litigation privilege, *res judicata*, and collateral estoppel, DeBose also fails to state a claim. The conversion claim, a misguided attempt to re-cast as the conversion of property the denial of her *pro se* motion for an attorney's fee and costs, among other things, is facially frivolous. The civil theft claims are similar. A claim for "assault" and "battery" cannot conceivably result from the mere proximity of law enforcement during state court proceedings. The fraud, misrepresentation, and concealment claims rely on no plausible allegation of fact (and satisfy no component of the particularity requirement under Rule 9(b)). The RICO claim identifies no enterprise, no racketeering activity, and no plausible predicate act. The negligent supervision claim is purely conclusory. The claim for intentional infliction of emotional distress identifies no "outrageous conduct" and describes acrimonious but ordinary litigation and an ordinary employment dispute. The civil conspiracy claim depends on conclusory allegations and includes no facts suggesting the remotest degree of plausibility. The 1983 claim, a misguided attempt to re-litigate as violative of "equal protection" matters decided by the state court, similarly fails.

Circuit erred by affirming the judgment against her.[8]  But DeBose received a fair pro-
cess:  a civil action and trial conducted in conformity with the Federal Rules of Civil
Procedure, federal statutes, and the United States Constitution.  DeBose received a
result:  judgment as a matter of law in USF's favor.  DeBose received a fair oppor-
tunity to correct a (perceived) error in the result:  an appeal to the Eleventh Circuit
and a petition for a writ of certiorari.  The Eleventh Circuit affirmed the result and
the Supreme Court declined further review of the result.  This result binds DeBose.

   After losing the Title VII action, DeBose has persisted in suing USF, the mem-
bers of the Board of Trustees, USF's lawyers, and Ellucian.  DeBose lost each action
on the merits, sued again, and lost each successive action as barred by *res judicata* and
collateral estoppel, among other things.  Rather than acknowledge the finality of
those judgments, DeBose has chosen resistance and disruption in the form of further
actions that feature increasingly bizarre, uncorroborated, and fantastical allegations
of conspiracy (such as the allegation that the federal judges of this district belong to
"secret societies" including the "Elizabethan Order.").  (Doc. 27 ¶ 106)

   DeBose's complaint — a burst of invective against the district court and state
court judges, her litigation adversaries, and anyone else unfortunate enough to be en-
snared by DeBose's misguided quest for re-instatement of the jury's verdict —
demonstrates that DeBose, a lawyer admitted to the bar of the state of Wisconsin,

---

[8] Although I have no occasion in this posture to adjudicate the correctness of the judgments
of the district court and the circuit court, I detect no error by either in my review of those actions or
any other action by DeBose.

either fails to comprehend the fundamentals of litigation or, regardless of the fundamentals of litigation, chooses for whatever reason to wantonly vex her adversaries. Nothing in DeBose's conduct in her seven years of litigation against USF suggests that DeBose will accept the judgment in this action (or any other action) and refrain from contriving another litigation mechanism method to harass USF and other perceived adversaries.

"Three or four lawsuits over one employment relationship is enough." *Riccard v. Prudential Ins*. Co., 307 F.3d 1277, 1295 (11th Cir. 2002) (affirming a limiting injunction against a vexatious former employee). DeBose has filed nine. DeBose (1) demonstrates a history of filing duplicative and vexatious actions, (2) harbors no objectively good faith basis to prevail in these duplicative actions, and (3) has subjected USF, USF's lawyers, Ellucian LP, the Thirteenth Judicial Circuit, this court, and the much-distressed taxpayers, to needless expense. *See*, *Ray v. Loweder*, 5:02-cv-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003) (Hodges, J.) (articulating factors). DeBose cannot perpetually file redundant, frivolous, and successive actions burdening her adversaries with legal expenses without cost or consequence to herself. In accord with the inherent authority of a federal court to prohibit conduct impairing "the ability to carry out Article III functions," *Procup v. Strickland*, 792 F. 2d 1073 (11th Cir. 1986) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261–62) (2d Cir. 1984)), the motion (Doc. 30) for a limiting injunction against DeBose is **GRANTED** as follows.

Angela DeBose is **ENJOINED** from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, (2) about Ellucian, LP, (3) about any firm's or lawyer's representation of USF or Ellucian, LP, or (4) about DeBose's litigation against USF, the members of the Board of Trustees, USF's lawyers and Ellucian, LP.[9] DeBose must not file such a paper without the signature of a lawyer admitted to The Florida Bar and the bar of the Middle District of Florida. Nothing in this order prevents DeBose from filing an appeal in this action (or in any other action).

DeBose's motion (Doc. 77) to transfer is **DENIED** because DeBose presents no basis for venue in the District of Columbia other than the frivolous inclusion of the United States as a defendant. DeBose's motion (Doc. 53) to supplement the amended complaint is **DENIED** for futility. The motions (Docs. 30, 50, 64) to dismiss are **GRANTED**, and the action is **DISMISSED WITH PREJUDICE** as barred by *res judicata*, by collateral estoppel, by judicial immunity, by litigation immunity, and by sovereign immunity. Also, the complaint fails to state a claim for the reasons

---

[9] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla. 13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132 (M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.); and (9) this action.

explained in footnote seven and as explained by the defendants in the motions to dismiss.

DeBose's other motions — the motion (Doc. 42) to reconsider the stay of discovery, the motion (Doc. 43) to decline the "judicial notice" of DeBose's other actions, the motions (Doc. 57, 68) for default judgment against the United States, and the motion (Doc. 69) to strike the United States' motion to dismiss for lack of jurisdiction — are **DENIED**.  The clerk must (1) enter judgment of dismissal with prejudice, (2) terminate any remaining motion, (3) close the case, (4) file a copy of this order in 8:15-mc-18, 8:15-cv-2787, 8:19-cv-1132, and (5) mail a copy of this order to the Supreme Court of Wisconsin, Office of Lawyer Regulation 110 East Main Street, Suite 315 P.O. Box 1648 Madison, WI 53701-1648, for any action that the office finds appropriate.

ORDERED in Tampa, Florida, on September 12, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 16 -

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ANGELA DEBOSE,
      **Petitioner/Plaintiff,**

                                  **CASE NOS.: 15-CA-5663**

**v.**                                        **17-CA-1652**
                                       **19-CA-4473**

**UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES,**          **DIVISION: C**
**GREENBERG TRAURIG, P.A., et al.,**
      **Respondents/Defendants.**
_____/

<u>**INJUNCTIVE SANCTION ORDER**</u>
<u>**AND**</u>
<u>**DIRECTIONS TO THE CLERK**</u>

    **THIS MATTER** is before the Court on its May 19, 2022 Order to Show Cause (<u>Doc. 417</u>)[1], which directed Petitioner/Plaintiff, ANGELA DEBOSE, (hereinafter "DeBose") to show cause why she should not be found to have engaged in frivolous litigation, or found to be subject to sanctions under Section 57.105, Florida Statutes, or found to be subject to sanctions under the Court's inherent authority to limit DeBose's *pro se* access to the courts. On June 5, 2022, DeBose filed her *Response to Order to Show Cause* (<u>Doc. 427</u>). Having considered DeBose's Response and the court files, the Court finds that DeBose has and continues to engage in frivolous litigation, and that sanctions are warranted under the Court's inherent authority.

FINDINGS OF FACT

<u>Case Number 15-CA-5663</u>

    On January 17, 2020, this Court entered a final, dispositive order denying DeBose's *Second Amended Petition for Writ of Mandamus*, and directed the Clerk to close the case file (<u>Doc. 264</u>). DeBose filed an appeal of this order on February 16, 2020 (<u>Doc. 268</u>). The appeal was docketed as case number 2D20-0594 in the Second District Court of Appeal (<u>Doc. 272</u>). While the appeal was pending, DeBose filed on May 18, 2020 a motion for relief from [the January 17, 2020] judgment (<u>Doc. 301</u>). The motion was denied with prejudice June 4, 2020 (<u>Doc. 309</u>). The same day, June 4, 2020, DeBose filed a motion to vacate (<u>Doc. 310</u>) the order denying her motion to vacate. This motion to vacate (<u>Doc. 310</u>) was denied June 5, 2020 (<u>Doc. 311</u>). As evinced by an order of the District Court of Appeal (<u>Doc. 312</u>), DeBose unsuccessfully attempted to appeal, under the auspices of appellate case number 2D20-0594, the June 4, 2020 order denying motion to vacate. On June 20, 2020, DeBose filed a *second* motion for relief from judgment (<u>Doc. 320</u>).[2] On April 23, 2021, she

---

[1] This Doc. number is from the file for case number 15-CA-5663.

[2] Although Rule 1.540 motions are considered collateral, the circuit court lacked authority to entertain a motion for relief from judgment when the judgment from which DeBose sought relief was under review in the District

1 of 7

sought a "time sensitive" hearing on the motion (Doc. 356). Then, on May 2, 2021, DeBose filed a self-styled motion (*Motion to Set Aside Protective Order, Recuse Presiding Judge Hinson Due to Resignation or Disability, Recuse Judge James Barton for Reasons Stated Herein, Vacate/Void All Prior Orders and Judgments, and Grant a New Trial*) seeking omnibus relief (Doc. 361). That motion (Doc. 361) was denied on May 7, 2021 (Doc. 362).[3] That same day, the presiding judge also issued an *Order to Show Cause* directing DeBose to show cause why she should not be barred from filing future *pro se* motions or pleadings based on her filing of spurious motions and appellate proceedings in cases 15-CA-5663, 17-CA-2114, and 19-CA-11407 that have delayed the administration of justice (Doc. 363).

On May 10, 2021, the District Court issued its mandate affirming the January 17, 2020 final judgment (Doc. 368). DeBose then attempted to seek review in the Florida Supreme Court (SC21-701); the Supreme Court dismissed it May 13, 2021 (Doc. 373). DeBose filed another motion to vacate or modify on June 1, 2021 (Doc. 372), reiterating the same issues she previously argued and that were previously denied. The court file reflects that DeBose simultaneously attempted to seek relief from the Chief Judge of the Circuit (Doc. 389).[4]

On July 17, 2021, DeBose filed a motion seeking sanctions against Respondent (Doc. 392). On July 29, 2021, Respondent filed a response to DeBose's motion for sanctions and filed a counter-motion for sanctions (Doc. 400). On October 20, 2021, this Court entered a comprehensive order granting Respondent's motion for sanctions and denying, *with prejudice*, DeBose's motion for modification or vacation of orders (Doc. 408). All pending or arguably pending motions filed by DeBose were disposed of by the October 20, 2021 Order and it advised DeBose that no further judicial labor would be provided in the case.

Thereafter, on April 20, 2022, DeBose filed a motion to vacate all orders for lack of jurisdiction and "new claim for independent action" (Doc. 410). On April 25, 2022, the motion was stricken and the clerk was again ordered to close the case file (Doc. 413). Moreover, the Order advised DeBose that should she violate this Court's directive by filing additional paper in this case, the Court would issue a show cause order or impose sanctions. A mere five days later, DeBose filed a motion to reopen the case (Doc. 414). The subject *Order to Show Cause* was issued on May 19, 2022 (Doc. 417).

---

Court of Appeal and where DeBose did not ask the appellate court to relinquish jurisdiction. *Glatstein v. Miami*, 391 So. 2d 297 (Fla. 3d DCA 1980).

[3] The order denies all pending motions to vacate not previously ruled upon including the one entitled "*Second Motion to Vacate*." (Doc. 362, ¶ 4).

[4] The court file reflects a June 24, 2021 letter from Assistant General Counsel Christopher Nauman which acknowledges receipt by Chief Judge Ronald Ficarrotta of a document entitled "Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; And Motion for New Trial." The letter advises that, as previously explained to DeBose in a May 18, 2021 letter, the chief judge does not possess investigative powers and cannot provide relief in an individual case; that such relief must be requested through a motion filed in the case. The letter further advised DeBose that cases assigned to Circuit Civil Divisions are not assigned to any one specific judge.

Case Numbers 17-CA-1652 and 19-CA-4473[5]

In case 17-CA-1652, on July 13, 2020, the Court entered an order denying with prejudice DeBose's *Motion to Strike Affirmative Defenses and for Other Relief and Denying Plaintiff's Motion to File Second Amended Complaint with Prejudice* (Doc. 114). A final judgment against DeBose was entered on July 22, 2020 (Doc. 120). DeBose sought appellate review in case number 2D20-2455 (Doc. 128). While the appeal was pending, DeBose filed her first of many post-judgment motions, a motion for relief from the July 22, 2020 judgment, on August 22, 2020 (Doc. 133). On June 1, 2021, she filed a *Motion for Modification or Vacation of Orders* (Doc. 149). A *Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; and Motion for New Trial* was filed June 19, 2021 (Doc. 153). On May 21, 2021, the appellate court affirmed, with the Mandate issuing August 6, 2021 (Doc. 157).

After that, DeBose filed on September 12, 2021 a *Motion to Set Hearing Date on Plaintiff's Motion for Modification or Vacation of Orders and Motion for New Trial* (Doc. 158) and then on December 2, 2021, a *Motion to Set Case for Jury Trial* (Doc. 162). She continued to seek discovery from Defendants, filing a *Fourth Request for Production of Documents* (Doc. 164) on January 1, 2022, a *Second Motion to Compel the Production of Documents From Defendant University of South Florida Board of Trustees* (Doc. 169) filed February 1, 2022, and a *Request for Production of Documents from Defendant Greenberg Traurig, P.A.* (Doc. 170) filed February 6, 2022. Again, DeBose sought relief outside the case as reflected by the December 12, 2021 letter from her addressed to Judge Rex Barbas (Doc. 166).

In case 19-CA-4473, on July 13, 2020, the Court entered its *Order Granting Defendants' Motions to Dismiss Amended Complaint with Prejudice* (Doc. 121). A final judgment against Plaintiff was entered on July 21, 2020 (Doc. 127). Before the Court even entered the final judgment, DeBose filed a motion to vacate (Doc. 122). DeBose sought appellate review in case number 2D20-2532 (Doc. 137). On May 21, 2021, the appellate court affirmed, with the Mandate issuing August 6, 2021 (Doc. 158). Before the Mandate issued (but after the appellate court per curium affirmed the order on appeal), DeBose filed a *Motion for Modification or Vacation of Orders* on May 31, 2021 (Doc. 149). On June 19, 2021, she then filed a *Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; and Motion for New Trial* (Doc. 154). After the Mandate issued, DeBose filed a *Motion to Set Hearing Date on Plaintiff's Motion for Modification or Vacation of Orders and Motion for New Trial* on September 12, 2021 (Doc. 159) and a *Motion to Set Case for Jury Trial* on December 2, 2021 (Doc. 163).

In both cases 17-CA-1652 and 19-CA-4473, on April 1, 2022, the Court issued an *Order Denying All Pending Post-Judgment Motions and Directing Clerk of Court to Close Case File* (Doc. 177; Doc. 169).[6] In that Order, the Court explained that all of DeBose's claims in these two cases were dismissed with prejudice and the Second District Court of Appeal had affirmed those dismissals. The Court found that DeBose's numerous post-judgment motions sought successive review and/or

---

[5] The relevant procedural history for cases 17-CA-1652 and 19-CA-4473 is presented together because of its overlap.

[6] Where two Doc. numbers are provided, the first is from the 17-CA-1652 case and the second is from the 19-CA-4473 case.

3 of 7

failed to state facially sufficient bases for relief.[7] The Court denied all pending motions and directed DeBose not to file any further papers in these cases. Ten days later, DeBose filed another successive motion to vacate (Doc. 178; Doc. 170). On April 20, 2022, the Court denied that motion, directed the Clerk to close the two case files, and again directed DeBose to file no further papers in these two cases (Doc. 179). The Court further warned DeBose that if she again violated the Court's directive, the Court would issue an order to show cause.

DeBose then filed multiple different papers in her cases. A motion to disqualify the undersigned was filed on May 1, 2022, but only in case number 17-CA-1652 (Doc. 183).[8] That motion was denied on May 19, 2022 (Doc. 190). In the 19-CA-4473 case, on May 1, 2022, DeBose filed a *Motion for an Emergency Temporary Injunction or Temporary Injunction and Motion to Transfer the Case* (Doc. 173). Shortly after filing her motion to disqualify, on May 6, 2022, in case 17-CA-1652, DeBose also filed a motion to reopen and transfer the case (Doc. 185). Because DeBose filed new papers in violation of the Court's prior directives, the Court issued the May 19, 2022 Order to Show Cause in all three cases. Subsequent to the Court issuing its Order to Show Cause, DeBose filed a *Notice of Interlocutory Appeal* (Doc. 187; Doc. 176) on May 21, 2022 in the Second District Court of Appeal, which was docketed as case number 2D22-1666. On May 28, 2022, DeBose filed in this Court a *Motion for a Stay Pending Appeal* (Doc. 200; Doc. 184), which was denied on June 14, 2022 (Doc. 202; Doc. 186).

On June 5, 2022, DeBose filed her *Response to Order to Show Cause*. On June 22, 2022, the Second District Court of Appeal granted Appellee, University of South Florida's motion to dismiss and dismissed the appeal as from a nonfinal, nonappealable order (Doc. 204; Doc. 187).[9] That same day, DeBose filed in this Court, but only in case 17-CA-1652, a *Motion for Leave to File Third Amended Complaint* (Doc. 203). Thereafter, the appellate court in case 2D22-1666 then denied DeBose's motion for sanctions on July 1, 2022 (Doc. 205; Doc. 188), as well as denied her motion for reconsideration on July 15, 2022 (Doc. 206; Doc. 189). In appellate case number 2D20-2532 (the

---

[7] Among her many post-judgment motions, the premier argument DeBose advanced was that multiple judges presided over her pending cases which she claimed resulted in a lack of due process. Owing to unfortunate circumstances, multiple authorized and qualified judges presided over DeBose's cases. DeBose argued that those judges lacked *jurisdiction* to enter orders in her cases during the period of incapacity of the judge assigned to the division. DeBose is mistaken. All judges of a circuit court are authorized to exercise a circuit court's jurisdiction. *See In re: Guardianship of Bentley*, 342 So.2d 1045, 1046 (Fla. 4th DCA 1977). But "for efficiency in administration, the Circuit Court is frequently divided into divisions, with each division handling certain types of cases." *Id.* at 1046–47; s*ee also Allen v. Bridge*, 427 So. 2d 249, 250 (Fla. 4th DCA 1983). Put another way, it is the *court,* not the particular judges of the court, which has jurisdiction over a case. *Allen,* 427 So. 2d at 250. Litigants have no right to have, or not have, any particular judge of a court hear their cause. *Id.* There is no due process right to be heard before any assignment or reassignment of a case to a particular judge. *Id.* at 251. The assignment of and coverage by judges of divisions other than their own is a matter of internal court policy and judicial administration. A litigant does not have standing to enforce internal court policy. *Id.* at 251. This was explained to DeBose both orally at hearings and in writing.

[8] For reasons unknown, DeBose filed the actual motion to disqualify only in case 17-CA-1652. Yet, in cases 15-CA-5663 and 19-CA-4473, she filed a *Notice to the Clerk of Plaintiff Filing Motion to Recuse Presiding Judge*, not the actual motion to disqualify (Doc. 416; Doc. 174).

[9] In that order, the Second District Court of Appeal also cautioned DeBose that further filing of frivolous appeals or petitions may result in the issuance of an order to show cause why DeBose should not be sanctioned.

appeal from the final judgment in 19-CA-4473), on July 20, 2022, the Second District Court of Appeal also issued an order striking as unauthorized DeBose's motion for reconsideration (Doc. 190).

CONCLUSIONS OF LAW

"It is well-settled that courts have the inherent authority and duty to limit abuses of judicial process by pro se litigants." *Ardis v. Ardis*, 130 So. 3d 791, 792 (Fla. 1st DCA 2014) (quoting *Golden v. Buss*, 60 So. 3d 461, 462 (Fla. 1st DCA 2011)); *see also Sibley v. Fla. Judicial Qualifications Comm'n*, 973 So. 2d 425 (Fla. 2006). A litigant abuses the right to self-represented access to the court by filing repetitious and frivolous pleadings, thereby diminishing the courts' ability to devote their finite resources to the consideration of legitimate claims. *Ardis*, 130 So. 3d at 793, (citing *Rivera v. State*, 728 So. 2d 1165, 1165 (Fla. 1998); *Attwood v. Singletary*, 661 So. 2d 1216, 1216 (Fla. 1995)). Such abuse of process is evinced by a pattern of filing baseless pleadings. *Id.* When the court has identified a pattern of abuse of the judicial system, it has the inherent authority to sanction the abusive litigant in the interest of fair and just allocation of judicial resources and to protect the rights of others' access to timely review of legitimate controversies. *Sibley*, 973 So. 2d at 426; *Golden v. Buss,* 60 So. 3d 461, 462 (Fla. 1st DCA 2011).

The Court first finds that it has provided DeBose ample notice and an opportunity to respond. *See Bolton v. SE Prop. Holdings, LLC*, 127 So. 3d 746 (Fla. 1st DCA 2013). As the Thirteenth Judicial Circuit Court Administrative Order S-2017-038 aptly points out, "[c]ourts have the inherent authority to prohibit the deliberate and continual filing of frivolous actions that demonstrate an egregious abuse of the judicial process and ultimately interfere with the timely administration of justice." *See id.*; *see also Delgado v. Hearn*, 805 So. 2d 1017 (Fla. 2d DCA 2001); *see State v. Spencer*, 751 So. 2d 47 (Fla. 1999). Upon careful consideration, the Court finds that DeBose has egregiously abused the judicial process by filing voluminous and frivolous documents in these three cases, and by repeatedly attempting to improperly seek relief through administrative channels.

DeBose's pattern of filing, as outlined in detail herein, shows that she will continue to file a high volume of repetitious pleadings if not curtailed. DeBose has exhausted all available trial and appellate court proceedings on the substantive matters in these three cases. She has had her day in court and has been afforded the due process to which she is entitled. Subsequent to the entry of final judgments, DeBose has filed many motions and documents in an apparent effort to prolong the finality of these cases. DeBose's arguments seek successive review and/or fail to state facially sufficient bases for relief. She has been advised, multiple times, that her allegations lack merit and that they are not properly raised. She has been warned to stop filing papers in these closed cases. Yet, she persists. DeBose's filings have placed an unreasonable burden on this Court. Her filings and violation of court orders impede the fair and just allocation of judicial resources and impair the rights of other litigants to timely review of their legitimate filings. Additionally, DeBose strains other court resources by attempting to seek relief outside the confines of the cases. Her letters to the Chief Judge and Administrative Judge distract from their duties and caseloads. Although one explanation is understandable, DeBose was informed many times that judges have no authority over their fellow constitutional officers and that she must seek relief by motion filed in a case. The result of DeBose's prolific and meritless filings is an extreme waste of time and judicial resources at both the trial and appellate levels. This Court has now spent an unreasonable amount of time and effort on matters involving DeBose. Not only does this greatly prejudice the opposing parties who must expend countless hours and dollars to defend against her frivolous claims and repeated filings, it also unfairly distracts this Court's attention away from other cases and litigants who deserve their fair day in court.

5 of 7

DeBose's actions have placed an unfair burden on this Court that reduces the time that should be spent on meritorious motions and cases.

These matters have been fully adjudicated and these cases must be closed. Yet, evidenced by her continued filings, if not curtailed, it appears DeBose will not stop engaging in frivolous and abusive litigation. Pro se litigants are held to the same standards as a reasonable attorney. DeBose does not hold herself to those standards. In order for this Court to do so, which will allow these matters to finally end, the Court finds that sanctions must be imposed. The Court finds that prohibiting DeBose from appearing pro se, and requiring any future papers be signed by a licensed attorney is not an unreasonable restraint on her access to the courts. *See Platel v. Maguire, Voorhis & Wells, P.A.*, 436 So. 2d 303, 304 (Fla. 5th DCA 1983) (explaining that "when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person" and finding that requirement that pleadings be accompanied by an attorney's signature does not amount to a complete denial of access).

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. ANGELA DEBOSE is hereby **PROHIBITED** from appearing before this Court as a plaintiff, defendant, petitioner, respondent, appellant or appellee, unless represented by a member in good standing of The Florida Bar.

2. ANGELA DEBOSE is **ENJOINED** from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar.

3. In accordance with Administrative Order S-2017-038, the Clerk of Court may (A) place any submissions received by ANGELA DEBOSE after entry of this injunctive sanction order into an inactive file; and (B) accept from ANGELA DEBOSE, file, and submit to the appellate court a notice of appeal. *See also G.W. v. Rushing*, 22 So. 3d 819 (Fla. 2d DCA 2009).

4. This Order shall apply to all of ANGELA DEBOSE's cases in this Court's Division C, as well as to any new action subsequently filed by ANGELA DEBOSE, regardless of what division of the Circuit Civil Division that new case would be assigned.

5. The Clerk of Court is **DIRECTED** to place a copy of this Order in case numbers 17-CA-1652 and 19-CA-4473 and then to **CLOSE** these three case files.

**DONE AND ORDERED** and effective as of the date imprinted below with the Judge's signature.

15-CA-005663 7/25/2022 9:29:24 AM

**15-CA-005663 7/25/2022 9:29:24 AM**

**MELISSA M. POLO,**
**Circuit Court Judge**

6 of 7

*Electronically conformed copies furnished via JAWS to all parties/counsel properly associated to the case or added in JAWS to receive event notifications as of the date of this order.*

<u>Electronic Copy to:</u>
Chief Judge Ronald Ficarrotta
Clerk of the Court
Circuit Civil Judges